JONATHAN MORSE, Respondent, v. MICHAEL McCARTY, Appellant.

No. 1119; March 3, 1857.

Trial.—An Objection to Testimony, Made by a Defendant Appearing himself to have no real interest in whether the testimony is admitted or not is to be overruled, although the objection might be good if made by some other defendant in the same cause.

Homestead—Mortgage.—When the Wife Does not Join with the husband in the execution of the instrument a mortgage by him of the homestead is a nullity.

APPEAL from Superior Court, San Francisco County.

This was an action to foreclose a mortgage. The facts were these: On April 7, 1851, A. M. Cooper conveyed by deed to Michael McCarty. On December 16, 1853, McCarty, being then a married man and the premises being occupied as the family homestead, executed a mortgage to William C. Gray in which mortgage the wife did not join. On October 23, 1854, McCarty and wife joined in a note and mortgage to the plaintiff. . On February 6, 1855, McCarty and wife deeded to Martha Newman, and the latter on the same day paid off and had satisfied still another mortgage, one made and delivered by McCarty to one George A. Cheenery on the 30th of January, 1854. All the deeds and mortgages had been duly recorded; the premises had never exceeded in value five thousand dollars.

G. F. & W. H. Sharp for respondent; C. Burbank for appellant.

TERRY, J.—In the cases of Cook v. McChristian, 4 Cal. 23, and Taylor v. Hargous, 4 Cal. 268, 60 Am. Dec. 606, this court held that no specific acts were required to indicate the selection of a homestead, and that occupancy by the family was presumptive evidence of the appropriation of the premises as a homestead, and was notice to all the world. It was also held that when a place, by the residence of the family, once acquired the character of a homestead, this character cannot be devested except by the joint act of husband and wife in the manner provided by law.

From the record in this case, it appears that the premises covered by Gray's mortgage were, before the execution of said mortgage, the homestead of McCarty's family. The deed, not having been signed by the wife of the mortgagor, was a nullity.

The question as to the admissibility of evidence to supply the omission in the certificate of acknowledgment to plaintiff's mortgage is one in which we think defendant Gray had no interest, and we can see no advantage which he would derive from defeating plaintiff's lien.

As no objection to the testimony was made by the parties interested, it was properly admitted.

Judgment affirmed.

I concur: Murray, C. J.